IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                Criminal Action 2:20-cr-147(1)
                                          JUDGE MICHAEL H. WATSON

**DESJUAN M.J. SCOTT**

## REPORT AND RECOMMENDATION

Defendant Desjuan M.J. Scott previously pleaded not guilty to a *Superseding Indictment* charging him with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count 1) and making false statements during the purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A) (Count 2). *Superseding Indictment*, ECF No. 15. The *Superseding Indictment* also contains a forfeiture count against this defendant. *Id*. The United States and defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Count 2 of the *Superseding Indictment*.[1] On January 13, 2021, defendant, assisted by his counsel, participated in a change of plea proceeding.

---

[1] In the *Plea Agreement,* ECF No. 38, defendant agreed to forfeit any interest that he may have in a SCCY 9mm firearm seized on January 4, 2020. The *Plea Agreement* also includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. The *Plea Agreement* also includes an immigration provision, although defendant testified that he was born in the United States.

1

After being advised of his right to appear personally and with his counsel and after consulting with his counsel, defendant consented to appear by videoconference.

Defendant consented, pursuant to 28 U.S.C. § 636(b)(3), to enter a conditional guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 25 Fed. Appx. 290, 291 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Superseding Indictment* and the consequences of his plea of guilty to Count 2. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney, and the attorney

for the United States and filed on December 15, 2020, represents the only promises made by anyone regarding the charges against him the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the Plea Agreement. He confirmed that he is pleading guilty to Count 2 of the *Superseding Indictment* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 2 of the *Superseding Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within 14 days, file and serve on all parties objections to the *Report and Recommendation*, specifically

3

designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1). Response to objections must be filed within 14 days after being served with a copy thereof.

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Judge adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 13, 2021                             *s/ Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge